UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BIG CONSTRUCTION, INC., DANNY KIM,,<br><br>Plaintiffs,<br><br>v.<br><br>GEMINI INSURANCE COMPANY, JOHN and JANE DOES 1-15,<br><br>Defendants. | CASE NO. C12-5015 RJB<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT GEMINI'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on cross-motions for summary judgment. Plaintiffs, Big Construction, Inc., and Danny Kim (Big Construction), move for partial summary judgment seeking to establish that Defendant Gemini Insurance Company (Gemini) breached a duty to defend the Plaintiffs from claims asserted against them in *Wayne Kim v. Big Construction, Inc. et.al.*, Pierce County Cause No. 08-2-10705-7 (underlying Wayne Kim Complaint). Dkt. 15. Defendant Gemini moves for partial summary judgment requesting a finding that Gemini had no duty to defend or cover the claims in the underlying lawsuit. Dkt. 25. The Court has considered

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
GRANTING DEFENDANT GEMINI'S CROSS-
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 1

the pleadings in support of and in opposition to the cross-motions for summary judgment and the record herein.

## INTRODUCTION AND BACKGROUND

The material facts are undisputed. The underlying Wayne Kim Complaint makes the following allegations:

### III. FACTS

\* \* \*

3.2     On or about April 17, 2007, Defendant Danny Kim, as a general contractor and owner of Big Construction, entered into an agreement with Plaintiff Wayne Kim for services involving the demolition and new construction of the residence located at 3530 Soundview Drive West, University Place, Washington. This contract estimated the total price for the work completed to be $889,000.00 including options and all construction work.

\* \* \*

3.4     Defendant Big Construction failed to complete the construction work to the satisfaction of Plaintiff in a timely manner or in a manner at or above industry standards for quality for this type of construction as required by contract.

3.5     An independent inspection completed by structural engineers, Wang Engineers, discovered a failure in the steel framing and construction of the home[.] This failure will require large amounts to repair. This incomplete framing of the steal [sic] structure was completed by Big Construction.

3.6     Defendants Big Construction caused residence . . . to be over excavated by more than twelve inches, thus causing the failure of the steel framing. Big Construction had been advised of the impropriety of overexcavating by structural engineers but failed to adhere to the advice and continued construction resulting in the unsoundness of the residence.

3.7     Plaintiff Kim has paid Big Construction more than 1.2 million dollars for construction work on [the residence]. Due to the failure of Big Construction and its subcontractors, more than $500,000.00 is needed for repairs and completion of the house, as estimated by independent general contractors.

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT GEMINI'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT- 2

> 3.8   Defendant Big Construction fraudulently charged Plaintiff Kim $138,099.63 for removal of a heating oil tank, representing charges over and above industry accepted standards.
>
> * * *
>
> 3.10   Defendant[] Big Construction caused to be removed eighty yards of contaminated dirt from the property and ha[s] no record of the location to which the dirt was taken in violation of MTCA[.]
>
> 3.12   Defendant Big Construction failed to repair substandard and below Pierce County Code construction after being informed by Pierce County Inspectors of the violations. This failure resulted in an additional expense for a re-inspection which also resulted in many violations.
>
> 3.13   Incomplete and below industry standard work has caused Plaintiff to incur over $750,000.00 in additional construction expense anddiminution of property value on the home[.]

Dkt. 26-1 pp. 25-27.

The underlying complaint sets forth the following causes of action:

### BREACH OF CONTRACT

> 4.2   Defendant Big Construction, breached its contract for the remodeling of Plaintiff's home when it failed to complete the construction work in a timely manner and to the satisfaction of Plaintiff as required by the contract. Plaintiff has had no option but to hire other contractors to complete the project. Plaintiff is damaged in a principal amount of $750,000 or such greater amount as may be proven at trial[.]
>
> 4.3   Defendant Big Construction failed to complete construction in a manner at or above industry standard. This failure resulted in the continued failure of inspections and the eventual uninhabitibility of the residence[.]

### CONSUMER PROTECTION ACT

> 5.2   Defendant Big Construction violated the Consumer Protection Act . . . by using its superior knowledge of construction and associated costs to overcharge, deceive and fraud, Plaintiff Kim throughout the demolition and construction process.

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT GEMINI'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT- 3

> 5.3   Defendants Big Construction … engaged in unfair and deceptive actions. The acts and practices occurred in the conduct of Defendants' trade as a contractor … The act or practice affected the public interest and caused Plaintiff injury in his property. Defendants' actions caused Plaintiffs injury.
>
> MODEL TOXICS CONTROL ACT (MTCA)
>
> * * *
>
> 6.5   Defendant Big Construction, in violation of RCW 70.105D.040, arranged by contract for the removal and disposal of the potentially hazardous waste identified at the time of the tank removal.
>
> 6.6   Defendants Big Construction … caused Plaintiff, through their acts of fraudulent and negligent removal of the heating oil tank and surrounding potentially hazardous soil, to be potentially liable [under MTCA] as an owner of the residence.

Dkt. 26-1 pp. 27-29.

Plaintiffs in the underlying Wayne Kim Complaint also seek to quiet title to the property and to recover on the contractor's bond. Dkt. 26-1 pp. 29-31.

Gemini Insurance Company issued general liability insurance to Plaintiff Big Construction, Inc. under policy No. VIGP 008421, which was in effect from August 22, 2007 to August 22, 2008, and is the policy at issue in this action. Dkt. 11 pp. 19; Dkt 26-1 pp. 2-4. The policy's coverage is provided in Commercial General Liability Coverage Form No. CG 00 01 07 98, which contains the following insuring clause and definitions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
GRANTING DEFENDANT GEMINI'S CROSS-
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 4

have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

\* \* \*

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(2)** The "bodily injury" or "property damage" occurs during the policy period.

\*\*\*

**2. Exclusions**

This insurance does not apply to:

**j. Damage To Property**

"Property damage" to:

\*\*\*

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

\*\*\*

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)   A defect, deficiency, inadequacy or dangerous condition

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT GEMINI'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT- 5

                in "your product" or "your work"; or

    (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\*\*\*

**SECTION V – DEFINITIONS**

\* \* \*

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**17**. "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

Dkt. 26-1 pp. 7-10, 16-19

On September 29, 2008, Gemini informed Big Construction by fax that it was declining to defend or provide coverage to Big Construction for the underlying Kim lawsuit. Dkt. 11 pp. 16-17. On October 1, 2008, Gemini sent a certified declination letter to Big Construction setting for the reasons for denial:

In review of the above-quoted policy, for there to be coverage under the same subject policy, there must be "property damage" and/or "bodily injury" which occurs during the policy period and is caused by an "occurrence". **Since the project was not completed at the time your policy with Gemini Insurance Company expired, August 27, 2008, there is no occurrence during your policy period and coverage does not apply to this loss.**

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
GRANTING DEFENDANT GEMINI'S CROSS-
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 6

> \* \* \*
>
> There is no coverage under the policy for any damages claimed as a result of your failing to fulfill the terms of a contract or agreement if such damages do not constitute "property damage" and/or "bodily injury" from an "occurrence" as defined in the policy.
>
> The Gemini Insurance Company policy are subject to a variety of terms and conditions as set forth in the captioned policy and to other legal and equitable defenses, including but not limited to, the denial of coverages for damages not arising from "property damage" and/or "bodily injury" as those terms are defined in the policy. **There is no coverage under the policy for any damages claimed as a result of your failing to fulfill the terms of a contract or agreement if such damages do not constitute "property damage" and/or "bodily injury" from an "occurrence", as defined in the policy.**
>
> It is the position of Gemini Insurance Company that the above-cited policy provisions apply with respect to the claim being presented by the plaintiffs in this matter. Therefore, we must respectfully disclaim coverage and inform you that Big Construction, Inc. is not entitled to benefits under the above-captioned policy of insurance…
>
> By naming the specific grounds for this disclaimer of coverage, we do not waive any of our rights or any of the other provisions or conditions of the policy of insurance and specifically reserve all of our rights and remedies under this policy and under the statutes and common law.

Dkt. 26-1 pp. 32, 41-42. (Emphasis in original)

The underlying Kim suit went to trial in the fall of 2010. On November 19, 2010, the trial court entered judgment against Big Construction for $45,096. Dkt. 26-1 pp. 44-48. The court entered Findings of Fact that state in part: (1) Defendants fabricated and or installed the structure's steel moment frame in a manner not consistent with the drawings and specifications of the structural engineer, (2) Defendants installed a number of non-tempered windows in locations where tempered windows were required, (3) Defendants failed to level the main floor of the house uniformly, leading to a noticeable incline in certain areas, and (4) The total amount paid

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
GRANTING DEFENDANT GEMINI'S CROSS-
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 7

by Plaintiffs to retrofit and repair errors and omissions attributable to Defendants and to make the unpaid subcontractors whole is $45,096.38. Dkt. 26-1 pp. 40.

The Court entered Conclusions of Law that provide in part: (1) The moment frame, windows, and construction by Defendants was not completed in a manner at or above industry standards for quality for this type of construction, (2) Plaintiffs are entitled to recover from Defendants the amounts paid by Plaintiffs to the subcontractors with outstanding balances owed at the time of the termination of Defendants and the amounts expended by Plaintiffs to repair and retrofit the faulty construction of the moment frame, windows, and floor, (3) Plantiffs are entitled to judgment against Defendants Big Construction and Danny Kim, jointly and severally, in the amount of $45,096.38. Dkt. 26-1 pp. 46-47.

In June 2011, counsel for Big Construction sent a letter to Gemini asserting that Gemini breached its contract and acted in bad faith when it declined to defend or provide coverage for the underlying litigation. Dkt. 11 pp. 34-35. Gemini responded and informed Big Construction that it was adhering to its prior denial of a defense and coverage. Dkt. 11 pp. 37-50. On September 13, 2011, Big Construction notified Gemini of its intent to assert an Insurance Fair Conduct Act (IFCA) claim. Dkt. 11 pp. 52-55.

On November 22, 2011, Big Construction commenced this action against Gemini. Dkt.11 pp. 57-69. The present cross-motions for summary judgment followed.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a

motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party. *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *Id.*, at 252.

The instant action was removed to this Court based on diversity of the parties. Accordingly, the issues presented are governed by Washington State law. See *Insurance Co. N. Am. v. Federal Express Corp.*, 189 F.3d 914, 919 (9th Cir. 1999). Washington State law is clear

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
GRANTING DEFENDANT GEMINI'S CROSS-
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 9

that the interpretation of policy language contained in an insurance contract is a question of law. *Butzberger v. Foster*, 151 Wn.2d 396, 401 (2004); *State Farm General Ins. Co. v. Emerson*, 102 Wn.2d 477, 480 (1984). Where there are no material facts in dispute, interpretation of the insuring language at issue is appropriately decided on summary judgment. See *American Bankers Ins. v. N.W. Nat. Ins.*, 198 F.3d 1332 (11th Cir. 1999).

## INSURERS' DUTY TO DEFEND AND PROVIDE COVERAGE

Big Construction alleges that Gemini breached the duty to defend in accordance with the terms of the insurance policy. Gemini asserts that it had no duty to defend or indemnity Big Construction.

Third-party liability insurance carriers generally owe their insureds two duties under the policy: the duty to defend suits against them and the duty to indemnify the insured for judgments and settlements covered under the terms of the policy. *Mutual of Enumclaw Ins. Co. v. Dan Paulson Constr. Co.*, 161 Wn.2d 903, 916 (2007). The rule regarding the duty to defend is well settled in Washington and is broader than the duty to indemnify. *Hayden v. Mut. of Enumclaw Ins. Co.,* 141 Wn.2d 55, 64 (2000). The duty to defend arises at the time an action is first brought, and is based on the potential for liability. *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wn.2d 751, 760 (2002). The duty to defend is determined by the facts alleged, not by the legal theories asserted. *Zurich American Ins. Co. v. R.L. Alia Co.*, 2009 WL 959864 (W.D. Wash. 2009). An insurer has a duty to defend when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage. *Truck Ins. Exch.,* at 760; *Unigard Ins. Co. v. Leven,* 97 Wn. App. 417, 425 (1999). An insurer is not relieved of its duty to defend unless the claim alleged in the complaint

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT GEMINI'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT- 10

1  is clearly not covered by the policy. *Truck Ins. Exch.*, at 760; *Kirk v. Mt. Airy Ins. Co.,* 134
2  Wn.2d 558, 561 (1998).
3        In contrast to the duty to defend, the duty to indemnify "hinges on the insured's actual
4  liability to the claimant and actual coverage under the policy." *Hayden*, 141 Wn.2d at 64. In
5  sum, the duty to defend is triggered if the insurance policy conceivably covers the factual
6  allegations in the complaint, whereas the duty to indemnify exists only if the policy actually
7  covers the insured's liability.
8        The burden is on the insured to establish coverage under an insurance policy. The insurer
9  has the burden of establishing the applicability of an exclusion. *Mutual of Enumclaw Ins. Co. v.*
10 *Patrick Archer Const., Inc.*, 123 Wn.App. 728, 732 (2004); *Diamaco, Inc. v. Aetna Cas. & Sur.*
11 *Co.*, 97 Wn.App. 335, 337 (1999).
12 **Occurrence and Property Damage**
13       To determine whether disputed damages are covered under a commercial general liability
14 insurance policy, the Court considers (1) whether the alleged damages constitute "property
15 damage," (2) whether there was an "occurrence" that gave rise to the property damages, and (3)
16 whether the property damages are barred by specific policy exclusions. *Dewitt Const. Inc. v.*
17 *Charter Oak Fire Ins. Co.*, 307 F.3d 1127, 1133 (9th Cir. 2002). When determining whether an
18 insurer has a duty to defend or indemnify, the Court looks first to the insurance policy to
19 determine if the alleged damage is "conceivably covered." *Hayden v. Mutual of Enumclaw Ins.*
20 *Co.*, 141 Wash.2d 55, 64 (2000). If the alleged damage falls within the scope of the coverage,
21 the Court then determines if policy exclusions bar coverage. *Id*. Insurance policy exclusions are
22 strictly construed in favor of finding coverage for the insured. *Id*; *see also Aetna Cas. & Sur. Co.*
23 *v. M & S Indus.*, 64 Wn.App. 916, 923 (1992).
24 ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT GEMINI'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT- 11

As the insured, Big Construction has the burden to establish that the claims in the underlying suit fall within the coverage provided under Gemini's policy. See *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 906 (1986). Gemini's policy covers Big Construction's liability for damages because of "property damage" that is caused by an "occurrence." The policy defines "occurrence" as "an accident" which results in "property damage." "Property damage," in turn, is defined as "physical injury to tangible property" and as "loss of use of tangible property that is not physically injured." Dkt. 26-1 pp. 7-10, 16-19. Thus, there must be accidental physical injury to tangible property or loss of use of tangible property.

A general liability policy is not intended to encompass the risk of an insured's failure to adequately perform work. *Westman Indus. Co. v. Hartford Ins. Group*, 51 Wn.App. 72, 80 (1988). Rather, the policies are most often intended to cover unforeseeable accidents. *Hayden*, 141 Wn.2d at 59. Pure workmanship defects are not considered accidents or occurrences, since commercial general liability policies are not meant to be performance bonds or product liability insurance. *Mutual of Enumclaw Ins. Co. v. Patrick Archer Const., Inc.*, 123 Wn.App. 728, 733, (2004); *Aetna Cas. & Sur. Co. v. M & S Indus.*, 64 Wn.App. 916, 922 (1992). Commercial general liability policies are designed generally to provide coverage for a number of risks, including employee injuries while on the work site and physical damage to property other than the work of the insured. "When an insurer issues a general liability policy, it is not issuing a performance bond, product liability insurance, or malpractice insurance." *Aetna Cas. & Sur. Co. v. M&S Indus., Inc.,* 64 Wn. App. 916, 921 (1992). Liability insurance policies therefore do not cover an insured's business risk of performing faulty work. See e.g., *Harrison Plumbing & Heating, Inc. v. New Hampshire Ins. Group*, 37 Wn. App. 621, 628 (1984). There is no coverage for repairing or replacing an insured's defective work. For faulty workmanship to give rise to

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT GEMINI'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT- 12

property damage there must be property damage separate from the defective product itself. See *Yakima Cement Prods. Co. v. Great Am. Ins. Co.*, 93 Wn.2d 210 (1980); *Anthem Electronics, Inc. v. Pacific Employers Ins. Co.*, 302 F.3d 1049, 1057 (9th Cir. 2002).

The underlying Kim Complaint, liberally construed, fails to allege facts, if proven, which would impose liability upon the insured within the policy's coverage. First, the Kim Complaint alleges that Big Construction "failed to complete the construction work to the satisfaction of Plaintiff in a timely manner or in a manner at or above industry standards." Dkt. 26-1 pp. 23. This does not describe any "property damage" caused by an "occurrence" so as to be even conceivably covered under Gemini's policy. Allegations of incomplete, non-conforming, unsatisfactory, and otherwise defective work did not give rise to any duty to defend.

Second, the Kim Complaint alleges that there was "a failure in the steel framing and construction of the home [that] will require large amounts to repair." Dkt. 26-1 pp. 23. Again this allegation fails to assert accidental physical injury to tangible property.

Third, the Kim Complaint alleges that Big Construction "caused [the] residence . . . to be over excavated by more than twelve inches, thus causing the failure of the steel framing." Dkt. 26-1 pp. 23-24. This deviation from construction requirements may have impacted other construction at the project, but it does not involve any conceivable "property damage" or an "occurrence."

Fourth, the Kim Complaint alleges that "more than $500,000 is needed for repairs and completion of the house" because of Big Construction's "failures," and that Big Construction "failed to repair substandard and below Pierce County Code construction" after being informed of the violations. Dkt. 26-1 pp. 24. Costs to complete or repair Big Construction's defective or unsatisfactory work are not "property damage" or an "occurrence."

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
GRANTING DEFENDANT GEMINI'S CROSS-
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 13

1    Fifth, the Kim Complaint alleges that "Big Construction fraudulently charged . . . for

2 removal of a heating oil tank." Dkt. 26-1 pp. 24.  Claims for fraud and overcharging likewise do

3 not involve any "property damage" or an "occurrence."

4    Sixth, the Kim Complaint alleges that Big Construction "caused to be removed eighty

5 yards of contaminated dirt from the property and ha[s] no record of the location to which the dirt

6 was taken in violation of MTCA (Model Toxic Control Act)," and Big Construction, "in

7 violation of [MTCA], arranged by contract for the removal and disposal of the potentially

8 hazardous waste identified at the time of the tank removal." Dkt. 26-1 pp. 24, 27.  Alleged

9 violations of regulatory standards do not involve any "property damage" or an "occurrence."

10 *Holly Mountain Resources v. Westport Ins. Co.*, 130 Wn.App. 635 (2005); *Zurich American Ins.*

11 *Co. v. R.L. Alia Co.*, 2009 WL 959864 (W.D. Wash. 2009).

12    Seventh, the Kim Complaint alleges that Big Construction's "[i]ncomplete and below

13 industry standard work has caused Plaintiff to incur . . . .diminution of property value on the

14 home." Dkt. 26-1 pp. 25.  Diminution in value by itself is pure economic loss and not "physical

15 injury to tangible property."  *Allstate Ins. Co. v. Bowen*, 121 Wn. App. 879, 888 (2004).

16    Eighth, the Kim Complaint alleges that Big Construction's faulty work "resulted in the

17 continued failure of inspections and the eventual uninhabitibility of the residence.  Again, this

18 allegation does not meet the criteria of accidental damage to tangible property.  See *Scottsdale*

19 *Ins. Co. v. International Protective Agency, Inc.*, 105 Wn. App. 244, 250 (2001).

20    Ninth, the underlying Consumer Protection Act (CPA) claim does not give rise to a duty

21 to defend.  Allegations of deceptive acts and fraud do not involve any "accidental" conduct so as

22 to qualify as an "occurrence" under liability insurance.  See *Palouse Seed Co. v. Aetna Ins. Co.*,

23 40 Wn. App. 119, 122 (1985); *Allstate Ins. Co. v. Bowen*, 121 Wn. App. 879, 888 (2004).

24 ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
GRANTING DEFENDANT GEMINI'S CROSS-
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 14

In sum, the underlying Kim Complaint does not allege any claims that could have "conceivably" described "property damage" that was caused by an "occurrence." Gemini had no duty to defend or indemnify Big Construction.

**Exclusions**

Even if it were conceivable to consider the factual allegations in the underlying Kim Complaint as describing an "occurrence" and "property damage," they would nonetheless fall within the business risk exclusions to coverage contained in the Gemini commercial general liability policy.

Policy Exclusion j, the ongoing operations exclusion, excludes coverage for "property damage to [t]hat particular part of real property which you or any contractors or subcontractors … are performing operations if the property damage arise out of those operations ..." Dkt. 26-1 pp. 10. Exclusion j also bars coverage for "[t]hat particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it." Dkt. 26-1 pp. 10. This ongoing operations exclusion is designed to exclude coverage for defective workmanship by the insured builder causing damage to the construction project. *Canal Indem. Co. v. Adair Homes, Inc.*, 737 F.Supp.2d 1294, 1301-02 (W.D.Wash. 2010); *Harrison Plumbing & Heating, Inc. v. New Hampshire Insurance Group*, 37 Wn. App. 621, 626 (1984)(ongoing operations exclusion ensures that an insured is not indemnified for damages resulting because the insured furnished defective materials or workmanship).

Policy exclusion m, the loss of use exclusion, applies to claims arising out of the loss of use of tangible property, which has not been physically injured, resulting from the insured's faulty performance of a contract. Dkt. 26-1 p.10. This exclusion bars coverage for any "loss of use" property damage arising out of Big Construction's defective work or breach of contract.

ORDER DENYING PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
GRANTING DEFENDANT GEMINI'S CROSS-
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 15

> The "loss of use" exclusion applies to claims arising out of the loss of use of tangible property, which has not been physically injured, resulting from either the insured's delayed performance of a contract, or an insured's faulty performance of that contract. This exclusion helps distinguish between that which is covered under the policy, i.e., the physical breakdown of the insured's product that results in some type of injury to person or property, and that which is not covered, i.e., the mere failure of the product to perform as well as warranted. . . .

*Hayden v. Mutual of Enumclaw Ins. Co.*, 141 Wn.2d 55, 65-66 (2000).

The on-going operations and loss of use exclusions are common "business risk" exclusions, designed to prevent the commercial general liability policy from being considered a performance bond, product liability insurance, or malpractice insurance. See e.g., *Hayden* at 64; *Schwindt v. Underwriters at Lloyd's of London*, 81 Wn. App. 293, 302 (1996); *Aetna Cas. & Sur. Co. v. M & S Indus., Inc.*, 64 Wn. App. 916, 921 (1992). Business risk exclusions are meant to prevent the insured from passing on to their insurers the ordinary costs of doing business. *Truck Ins. Exch. v. VanPort Homes, Inc.,* 147 Wn.2d 751, 771-72, 58 P.3d 276 (2002) (Liability policies do not insure against the simple cost of poor performance.) Where the only damage is to the property on which the insured is working, there is no coverage. *Vandivort Constr. Co. v. Seattle Tennis Club*, 11 Wn. App. 303, 307-08 (1974).

The two business risk exclusions clearly and unambiguously exclude coverage for the underlying claims and supports Gemini's denial of a defense to the suit.

## CONCLUSION

For the foregoing reasons, Big Construction's motion for summary judgment should be denied. Summary judgment should, instead, be granted for Gemini finding as a matter of law that Gemini had no duty to defend or cover the underlying Kim Suit.

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT GEMINI'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT- 16

Therefore, it is hereby **ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment and Declaratory Relief (Dkt. 15) is **DENIED**.

2. Defendant Gemini's Cross-Motion for Partial Summary Judgment (Dkt. 25) is **GRANTED.**

3. Gemini Insurance Company had no duty to defend or indemnify Big Construction Inc., and Danny Kim in the underlying suit, *Kim v. Big Constr., Inc., et al*, Pierce County Superior Court No. 08-2-10705-7.

4. The parties are directed to inform the Court, no later than May 25, 2012, whether there are any remaining claims in this action, or whether the case is subject to dismissal in its entirety.

Dated this 22nd day of May, 2012.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT GEMINI'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT- 17